■ ST. LUKE'S-ROOSEVELT HOSPITAL, as Assignee of JEANINE BORRERO, Respondent, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant. [712 NYS2d 372] —In an action to recover no-fault medical payments under an insurance contract, the defendant appeals from (1) a decision of the Supreme Court, Nassau County (Burke, J.), dated October 19, 1999, and (2) a judgment of the same court dated November 29, 1999, which, upon the granting of the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $3,570.28.

Ordered that the appeal from the decision is dismissed, as

no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law, and the motion is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

A complete proof of claim is a prerequisite to entitlement to no-fault benefits including statutory interest and an award of an attorney's fee (see, Insurance Law § 5106 [a]; 11 NYCRR 65.15 [d], [g]). The plaintiff failed to submit a completed form to the defendant as required by 11 NYCRR 65.15 (d) (6). Consequently, the plaintiff did not submit a proper proof of claim, and thereby failed to establish a prima facie case of entitlement to no-fault benefits (see, Interboro Gen. Hosp. v Allcity Ins. Co., 149 AD2d 569, 570). Since the plaintiff did not meet the initial burden of setting forth evidentiary facts sufficient to establish entitlement to judgment as a matter of law, the Supreme Court should have denied the motion (see, Coley v Michelin Tire Corp., 99 AD2d 795), regardless of the sufficiency of the opposing papers (see, Greenberg v Manlon Realty, 43 AD2d 968; Holtz v Niagara Mohawk Power Corp., 147 AD2d 857). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.