■ ANDREA GLASSMAN, Respondent, v HAROLD ZOREF et al., Appellants, et al., Defendants. [737 NYS2d 537] —In an action, inter alia, to recover damages for fraud, the defendants Harold Zoref, Mercury Capital Corporation, Jeffrey Meshel, Marc Gleitman, and Myles Chefetz appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 28, 2000, as denied those branches of the motion of the defendants Mercury Capital Corporation, Jeffrey Meshel, and Marc Gleitman which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for fraud and for violations of Banking Law § 598 (3) and (5) and Federal Truth in Lending Act (15 USC § 1601 *et seq.*), insofar as asserted against them.

Ordered that the appeals by the defendants Harold Zoref and Myles Chefetz are dismissed, as those defendants are not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendants Mercury Capital Corporation, Jeffrey Meshel, and Marc Gleitman, on the law, those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for fraud and for violations of Banking Law § 598 (3) and (5) and the Federal Truth in Lending Act, insofar as asserted against those defendants are granted, the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed; and it is further,

Ordered that the defendants Mercury Capital Corporation, Jeffrey Meshel, and Marc Gleitman are awarded one bill of costs.

In 1997 the plaintiff commenced this action against various individuals and entities involved in a $510,000 loan transaction four years earlier. The loan was secured by a mortgage on the plaintiff's home. The defendants Mercury Capital Corpora-

tion, Jeffrey Meshel, and Marc Gleitman (hereinafter the defendants) moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted those branches of the motion which were to dismiss the class action allegations contained in the complaint and the cause of action to recover damages for violations of Banking Law § 598 (2) insofar as asserted against them, but denied those branches of the motion which were to dismiss the causes of action to recover damages for fraud and for violations of Banking Law § 598 (3) and (5) and Federal Truth in Lending Act (15 USC § 1601 *et seq.*).

On a motion pursuant to CPLR 3211 (a) (7), a court must take the allegations as true and resolve all inferences in favor of the pleader (*see, Cron v Hargro Fabrics,* 91 NY2d 362, 366). Although the plaintiff and the defendants submitted documentary evidence, the Supreme Court did not convert the motion to one for summary judgment, and therefore, the proper focus is on whether the remaining claims, insofar as asserted against the defendants, state a cause of action (*see, Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40 NY2d 633).

The plaintiff failed to demonstrate the existence of a cause of action to recover damages for fraud (*see, Small v Lorillard Tobacco Co.,* 94 NY2d 43, 57), as she did not adequately plead the specific false representations upon which she relied, or how those misrepresentations caused her any injury, particularly since $510,000 was disbursed to her at the closing. Contrary to the Supreme Court's determination, and as the plaintiff conceded during motion practice, she may not assert a cause of action based on usury since the one-year statute of limitations has expired, even though she may assert usury as a defense in a separate foreclosure action (*see, Rebeil Consulting Corp. v Levine,* 208 AD2d 819; *Mill St. Realty v Reineke,* 159 AD2d 494; CPLR 215 [6]). The plaintiff also failed to allege facts sufficient to establish that she had causes of action to recover damages for violations of Banking Law § 598 (3) and (5) or the Federal Truth in Lending Act. Accordingly, the Supreme Court should have granted the defendants' motion to dismiss the complaint insofar as asserted against them in its entirety. Santucci, J.P., O'Brien, H. Miller and Cozier, JJ., concur.