■ DAWN M. HAZELHURST et al., Respondents, v BRITA PRODUCTS COMPANY et al., Appellants. [744 NYS2d 31] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 30, 2001, which granted plaintiffs' motion for class cer-

tification, unanimously reversed, on the law and the facts, without costs, the motion denied and the class decertified.

Defendants, The Brita Products Company and The Clorox Company (hereinafter Brita), manufacture and sell a home water filtration system, which consists of a pitcher, a reservoir and a filter. The user of the Brita filtration system pours tap water into the reservoir which gradually passes through the filter into the pitcher. From July 8, 1992 to the present, Brita manufactured nine different models, all of which used the same type of filter. Before mid-1998, Brita stated on its packaging that each of these filters "processe[d] up to 35 gallons of water" and that "[t]he average family should replace the filter every 35 gallons (70 pitchers) or 2 months, whichever comes first." After mid-1998 to present, the amount of water processed was increased to 40 gallons (80 pitchers) per filter.

In their amended class action complaint, plaintiffs contend that defendants violated General Business Law §§ 349, 350 and 350-a, made negligent misrepresentations, committed fraud and deceit and breached a warranty. These causes of action were premised upon allegations that, inter alia, Brita's representations regarding the amount of water purified per filter was significantly less than the promised 35 to 40 gallons per filter and that the reservoir chamber of certain models held less than the promised half gallon of water. After issue was joined, plaintiffs moved for certification of a nationwide class of purchasers of Brita filtration systems and filters. In opposition, Brita submitted, inter alia, an expert survey of its consumers' usage patterns. The motion court granted certification, but limited the certified class to New York State purchasers only. Defendants appeal from this order.

Although the motion court has discretion to determine the propriety of class certification, "[t]he Appellate Division, as a branch of Supreme Court, is vested with the same discretionary power and may exercise that power, even when there has been no abuse of discretion as a matter of law" by the motion court (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52-53). In the instant matter, the IAS court erred in certifying class action status to all persons who purchased water filtration pitchers and replacement filters manufactured by Brita within the State of New York since July 1992.

In determining whether to grant class certification, plaintiffs must satisfy five prerequisites under CPLR 901 (a) (*see, Small*, 94 NY2d at 53; *Ackerman v Price Waterhouse*, 252 AD2d 179). Here, the need for particularized proof of reliance and resulting injury upon Brita's alleged misrepresentations about its

products precludes certification since individual issues, not common issues of the class, predominate (CPLR 901 [a] [2]). Reliance is required for all of plaintiffs' causes of action, except for that based upon General Business Law § 349, and such reliance may not be presumed where, as here, a host of individual factors could have influenced a class member's decision to purchase the product (*see, Small,* 94 NY2d at 55). The deposition testimony of the named plaintiffs reveals a variety of reasons for replacing their filters, including the lapse of time, taste and appearance of the water. Similarly, Brita's survey of its consumers' usage patterns indicates that only a small percentage of consumers had an understanding that they could process 35 to 40 gallons of water before they replaced their filters and many consumers replace their filters based upon taste and/or appearance of the water. Clearly, reliance upon the alleged misrepresentations of Brita is an issue that varies from individual to individual. The fact that Brita made statements about the approximate number of gallons that a filter could process does not mean that these statements, which are arguably common to the class, predominate over individual issues of reliance.

Similarly, reliance upon the alleged misrepresentations regarding the capacity of the reservoir cannot be presumed inasmuch as some models have clear markings delineating the size of the reservoir and some consumers actually measured the amount of water that the reservoir holds.

While General Business Law § 349 does not require reliance, it does require an injury as do plaintiffs' other causes of action (*see, Small,* 94 NY2d at 55-56; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25-26). Since Brita's instructions recommend that consumers replace their filters after 35 to 40 gallons or every two months, whichever comes first, Brita argues that consumers who use their filters for at least two months are not injured and thus, the class certified by the motion court is overbroad. To determine if a particular class member was injured, it will be necessary to determine whether the class member received 35 to 40 gallons of purified water per filter or if the class member used the filter for two months or more before replacement. Like reliance, injury will require individual determinations which are not common to the class.

The motion court also erred in finding that the named plaintiffs' claims were not atypical of the certified class inasmuch as each plaintiff's claims are different from those of the other class members and each plaintiff has failed to estab-

lish that he or she relied on Brita's alleged misrepresentations (CPLR 901 [a] [3]). The class action complaint here is essentially based upon the premise that Brita's instructions caused consumers to discard filters prematurely; however, each of the named plaintiffs advances inconsistent complaints. Plaintiff Christin Bozzon contends that Brita should have told her to replace her filter once a month because if she follows the recommended two month schedule, black specks appear in her water. Plaintiff Dawn Marie Hazelhurst claims that the performance of the Brita filter rapidly degrades prior to the two month schedule. Plaintiff Sarah Guiffre contends that the pitcher of her model holds less water than other models.

In light of the foregoing, plaintiffs cannot fulfill all the prerequisites for a class action as defined in CPLR 901 (a), and, thus, the class of plaintiffs created by the motion court should be decertified. Concur—Williams, P.J., Saxe, Buckley, Rosenberger and Lerner, JJ.