■ Mahipal Singh, Appellant, v Queens Ledger Newspaper Group et al., Respondents. [770 NYS2d 99]—

In an action to recover damages for defamation and deceptive business practices, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated October 25, 2002, as granted the motion of the defendants Queens Ledger Newspaper Group, Ben Shoer, and Jesse Serwer pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and granted that branch of the separate motion of the defendants Hamid Kayani and Kayani Uomo which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the sixth and seventh causes of action alleging that said defendants engaged in deceptive business practices pursuant to General Business Law § 349.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Hamid Kayani and Kayani Uomo which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the sixth and seventh causes of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The complaint alleges seven causes of action: numbers one and three assert causes of action to recover damages for defamation against the defendants Queens Ledger Newspaper Group, Ben Shoer, and Jesse Serwer; numbers two, four, and five assert causes of action to recover damages for defamation against the defendants Hamid Kayani and Kayani Uomo (hereinafter collectively Uomo); while numbers six and seven, brought under General Business Law § 349, assert causes of ac-

tion to recover damages for deceptive business practices against Uomo.

With respect to the causes of action to recover damages for deceptive business practices, the complaint states that the plaintiff purchased a number of suits from Uomo and submitted a black one to a laboratory for testing. The complaint further states the black suit, which contained Uomo's own label, also had a label that misstated its fiber content. Attached to the complaint, and incorporated by reference therein, was a document from Vartest Laboratories, Inc., reporting on tests it had performed on a *gray* suit submitted to it by the plaintiff. According to the report, the results of the test showed that the fabric in the suit was not "150s worsted count in the filling direction" as indicated on the label, but was rather "54.7 worsted count."

Uomo sought dismissal of causes of action six and seven pursuant to CPLR 3211 (a) (1) because the document incorporated by reference into the complaint (an analysis of a *gray* suit) did not support the claim alleged (a mislabeled *black* suit). In opposition to the motion, the plaintiff, inter alia, claimed that his attorney had made a clerical error, and he submitted a different report from the same laboratory regarding tests done on a black suit he had also submitted to the lab. That report found that the black suit had also been incorrectly labeled with respect to fiber content. The plaintiff requested leave to amend the complaint to attach the proper laboratory report.

The Supreme Court mistakenly concluded that the complaint was not sufficiently pleaded, holding that it was based on documentary evidence that failed to resolve all factual issues as a matter of law.

To state a claim under General Business Law § 349 a plaintiff must plead: "first that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (*Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]). It is not necessary to allege reliance on the misinformation to succeed on this claim, although the plaintiff will have to "show that the defendant's 'material deceptive act' caused the injury" (*id.,* at 29, quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 26 [1995]). Dismissal pursuant to CPLR 3211 (a) (1) is warranted "only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]).

Here, the three elements that are required for a proper plead-

ing were present: (1) labeling is a consumer oriented practice, (2) the label at issue was alleged to have contained incorrect information about the fiber content of the garment, and (3) the plaintiff claimed he was a consumer who purchased the mislabeled garment.

While the attached report clearly did not prove the plaintiff's claim, neither did it prove that there were no factual issues outstanding with respect to that claim as a matter of law, which is what a document must accomplish for a CPLR 3211 (a) (1) motion to succeed (*see Morris v Morris*, 306 AD2d 449 [2003]). Furthermore, the plaintiff attached the correct laboratory report to his opposition papers and sought leave to amend the complaint to substitute the correct report. On a motion to dismiss, the court must accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

Accordingly, the Supreme Court erred in granting that branch of Uomo's motion which was to dismiss the sixth and seventh causes of action sounding in deceptive business practices, as those causes of action were sufficiently pleaded.

To the extent that the plaintiff appeals from the dismissal of the causes of action to recover damages for defamation, the order is affirmed for the reasons stated therein.

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.