■ MONTEFIORE MEDICAL CENTER, as Assignee of ERNEST BARFI, et al., Plaintiffs, and MARY IMMACULATE HOSPITAL, as Assignee of SCAARLIN MORALES-SORIANO, et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [780 NYS2d 161]—

In an action to recover no-fault medical payments under insurance contracts, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated April 4, 2003, as granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action to recover no-fault medical payments allegedly due to Mary Immaculate Hospital, as assignee of Scaarlin Morales-Soriano, and to recover no-fault medical payments allegedly due to Brooklyn Hospital Center, as assignee of Alberto Lopez.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were for summary judgment on the causes of action to recover no-fault medical payments allegedly due to Mary Immaculate Hospital, as assignee of Scaarlin Morales-Soriano, and to recover no-fault medical payments allegedly due to Brooklyn Hospital Center, as assignee of Alberto Lopez, are denied.

A complete proof of claim is a prerequisite to receiving no-fault benefits (*see* Insurance Law § 5106). Written proof of such a claim must be submitted to the insurance company within 180 days after the date services were rendered or 180 days after the date written notice of the claim was given to the insurance company, whichever is later (*see* 11 NYCRR 65.12). Within 30 days of receiving a claim, the insurer shall either pay or deny the claim in whole or in part (*see* 11 NYCRR 65.15 [g] [3]). This 30-day period may be extended by a timely demand by the insurance company for further verification of a claim (*see* 11 NYCRR 65.15 [d] [1]). A claim need not be paid or denied until all demanded verification is provided (*see* 11 NYCRR 65.15 [g] [1] [i]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.,* 262 AD2d 553 [1999]). In the event an insurer fails to timely deny a claim or request verification from the hospital, the insurer is precluded from asserting that the claim was untimely or incomplete (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 282 [1997]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.,* 295 AD2d 583 [2002]; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718 [1994]).

Despite the fact that the proof of claim submitted by Brooklyn Hospital Center, as assignee of Alberto Lopez (hereinafter Brooklyn Hospital), was incomplete, and the proof of claim submitted by Mary Immaculate Hospital, as assignee of Scaarlin Morales-Soriano (hereinafter Mary Immaculate), was untimely, both of these plaintiffs demonstrated a prima facie showing of entitlement to judgment as a matter of law with evidence that their claims were neither denied nor paid within the requisite

time period (see Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; St. Clare's Hosp. v Allcity Ins. Co., supra). In opposition, the defendant offered sufficient evidence to raise a triable issue of fact whether Mary Immaculate's claim was denied as untimely, and whether the defendant timely sought verification of Brooklyn Hospital's claim (see 11 NYCRR 65.12, 65.15 [d] [1]; St. Luke's-Roosevelt Hosp. v American Tr. Ins. Co., 274 AD2d 511 [2000]; Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra). Thus, summary judgment should not have been granted on those causes of action.

The parties' remaining contentions either are unnecessary to address in light of the determination or are without merit. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.