■ ERIC GALE, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent. [781 NYS2d 45]—

In an action, inter alia, to recover damages for deceptive business practices, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lifson, J.), dated March 7, 2003, which, in effect, denied class certification pursuant to CPLR 902, and, in effect, granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action with leave to serve an amended complaint with respect to the plaintiff's individual causes of action only, provided such amended pleading was served on or before May 1, 2003.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly purchased from an undisclosed seller an IBM Deskstar 75GXP hard disk drive. As part of its marketing campaign before releasing the new product, the defendant, International Business Machines Corporation (hereinafter IBM),

stated through press releases and other forms of advertisements that its new product was highly reliable. IBM represented on its Web site that each product came with an express warranty. The plaintiff allegedly experienced hard drive failure and suffered permanent data loss. The plaintiff commenced this action individually and on behalf of others similarly situated, alleging that IBM violated General Business Law §§ 349 and 350, breached its express warranty, and was unjustly enriched. IBM thereafter successfully moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Leave to replead was granted with respect to the plaintiff's individual causes of action, but not with respect to those on behalf of the proposed class.

Reliance is not an element of a claim under General Business Law § 349 (see *Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 26 [1995]; *Singh v Queens Ledger Newspaper Group,* 2 AD3d 703 [2003]; *Hazelhurst v Brita Prods. Co.,* 295 AD2d 240, 242 [2002]). However, the plaintiff must show that the defendant's material deceptive act caused the injury (see *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, supra*; *Singh v Queens Ledger Newspaper Group, supra*). Here, the plaintiff failed to plead causation with sufficient specificity to withstand dismissal. Although the plaintiff cites particular misleading statements by IBM regarding the reliability of the IBM Deskstar 75GXP, he nowhere states in his complaint that he saw any of these statements before he purchased or came into possession of his hard drive. If the plaintiff did not see any of these statements, they could not have been the cause of his injury, there being no connection between the deceptive act and the plaintiff's injury (see *Pelman v McDonald's Corp.,* 2003 WL 22052778, 2003 US Dist LEXIS 15202 [SD NY, Sept. 3, 2003]). Dismissal of the plaintiff's claims under General Business Law § 350 to recover damages for breach of express warranty, which do require proof of reliance, was also proper, since the plaintiff failed to allege that he relied on the statements or any advertisement at the time of his purchase (see *Murrin v Ford Motor Co.,* 303 AD2d 475 [2003]; *Andre Strishak & Assoc. v Hewlett Packard Co.,* 300 AD2d 608 [2002]; *McGill v General Motors Corp.,* 231 AD2d 449, 450 [1996]). Moreover, the failure to plead the name of the seller of the computer component rendered defective the plaintiff's causes of action alleging breach of express warranty and unjust enrichment (see *Miller v Schloss,* 218 NY 400 [1916]; *Murrin v Ford Motor Co., supra*).

In view of the substantive insufficiency of the complaint, we

do not reach the appellant's remaining contentions. Smith, J.P., Adams, Crane and Skelos, JJ., concur.