■ KENNETH TERRANO et al., Appellants, v PHYLLIS A. FINE et al., Defendants, and CENTURY 21 REAL ESTATE CORPORATION, Respondent. [793 NYS2d 451]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lally, J.), entered February 26, 2004, which granted the motion of the defendant Century 21 Real Estate Corporation pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and denied, as academic, their cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the respondent's motion to dismiss the complaint insofar as asserted against it. The plaintiffs alleged that the respondent could be held vicariously liable for the conduct of the defendant Century 21 American Homes and the defendants Phyllis Fine and Thomas Gallagher (employees of Century 21 American Homes) on an agency theory. However, the respondent presented documentary evidence that no such relationship existed, and that Century 21 American Homes was a mere franchisee over which the respondent lacked the requisite supervision, direction or control (*see Tobacco v North Babylon Fire Dept.*, 251 AD2d 398, 399-400 [1998]; *Andreula v Steinway Baraqafood Corp.*, 243 AD2d 596 [1997]; *Matter of Sperte v Shaffer*, 111 AD2d 856, 858 [1985]).

The plaintiffs' cross motion for leave to serve an amended complaint was properly denied as unnecessary. The amended complaint was served as of right within the 20-day period provided by CPLR 3025 (a). The service of the amended complaint did not render academic the respondent's motion to dismiss, which was addressed to the merits (*see Livadiotakis v Tzitzikalakis*, 302 AD2d 369, 370 [2003]).

The plaintiffs' remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.