■ MARY IMMACULATE HOSPITAL, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [841 NYS2d 135]—

In an action to recover no-fault medical payments under certain insurance contracts, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), dated December 28, 2004, as granted those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover no-fault medical payments allegedly due to Mary Immaculate Hospital as assignee of Yvette Coley and Khayyam Jackson.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover no-fault medical payments allegedly due to Mary Immaculate Hospital as assignee of Yvette Coley and Khayyam Jackson are denied.

Viewing the evidence in the light most favorable to the nonmoving party (*see Gonzalez v Metropolitan Life Ins. Co.*, 269 AD2d 495, 496 [2000]), we conclude that the plaintiff, Mary Immaculate Hospital (hereinafter the Hospital), failed, in support

of its motion for summary judgment, to tender sufficient evidence in admissible form eliminating any triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *cf. Montefiore Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 9 AD3d 354, 355-356 [2004]). The Hospital submitted affidavits in which a billing service representative averred that she had "billed" the defendant Allstate Insurance Company (hereinafter Allstate) "with a form N-F5 and UB92 for the sum of" $3606.93 and $2069.12, respectively. The evidence submitted in support of the motion, however, did not establish that the billing representative, or anyone else, mailed to Allstate those documents related to the claims for treatment rendered to Yvette Coley and Khayyam Jackson (*cf. Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 AD3d 742, 742-743 [2004]; *Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374, 375 [2001]). The certified mail receipts submitted in support of the motion did not establish that those mailings contained the documents relating to those patients.

Since the Hospital failed to establish prima facie that it was entitled to judgment as a matter of law, it is unnecessary to consider the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 555 [1999]).

Allstate's remaining contention is without merit. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.