■ MANUEL MORALES, Respondent, v AMS MORTGAGE SERVICES, INC., et al., Defendants, and LEHMAN BROTHERS BANK, FSB, Appellant. [897 NYS2d 103]—

In 2008 the plaintiff commenced the instant action against his mortgage brokers, the defendants AMS Mortgage Services, Inc., and Ivan Galeano, and his mortgagee, the defendant Lehman Brothers Bank, FSB (hereinafter Lehman), asserting several causes of action based on the common grounds that the defendants had made misrepresentations and committed fraud in a $655,500 mortgage loan transaction one year earlier. Prior to answering the complaint, Lehman moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted those branches of the motion which were to dismiss several of the causes of action insofar as asserted against Lehman, but denied those branches of the motion which were to dismiss the causes of action alleging fraud and violations of General Business Law § 349 insofar as asserted against Lehman. We reverse the order insofar as appealed from.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC,* 54 AD3d 703, 703-704 [2008]; *see Nonnon v City of New York,* 9 NY3d 825, 827 [2007]; *Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Smith v Meridian Tech., Inc.,* 52 AD3d 685, 686 [2008]). "On a motion to dismiss based upon documentary evidence [under CPLR 3211 (a) (1)], dismissal is only warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Klein v Gutman,* 12 AD3d 417, 418 [2004]; *see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *Ballas v Virgin Media, Inc.,* 60 AD3d 712, 713 [2009]; *McMorrow v Dime Sav. Bank of Williamsburgh,* 48 AD3d 646, 647 [2008]).

As Lehman correctly contends, the plaintiff failed to state a cause of action to recover damages for common-law fraud. "To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury" (*Small v Lorillard Tobacco Co.,* 94 NY2d 43, 57 [1999]; *see Oko v Walsh,* 28 AD3d 529 [2006]; *Glassman v Zoref,* 291 AD2d 430, 431 [2002]). CPLR 3016 (b) further requires that the circumstances of the fraud must be "stated in detail," including specific dates and items (*see McGovern v Nassau County Dept. of Social Servs.,* 60 AD3d 1016 [2009]; *see also Sargiss v Magarelli,* 12 NY3d 527 [2009]; *Dumas v Fiorito,* 13 AD3d 332, 333 [2004]).

In his complaint, the plaintiff alleges, inter alia, that his income was improperly misstated in his loan applications and that the indebtedness terms were not disclosed by the defendants in connection with the $655,500 mortgage loans made by Lehman, although, as the documentary evidence undisputedly demonstrates, the plaintiff signed the loan applications himself, separately certified them as accurate, and was provided with numerous documents explaining the nature and terms of the mortgages, including good faith estimates of closing costs and truth-in-lending disclosures. The plaintiff failed to allege or provide dates or details of any misstatements or misrepresentations made specifically by Lehman's representatives to him, as required by CPLR 3016 (b), or allude to any damages sustained by him (*see Small v Lorillard Tobacco Co.,* 94 NY2d at 57; *Oko v Walsh,* 28 AD3d at 529; *Terrano v Fine,* 17 AD3d 449 [2005]).

The cause of action to recover damages for violations of General Business Law § 349 also should have been dismissed. The documentary evidence conclusively establishes defenses to the claims that Lehman engaged in material deceptive acts which caused injury to the plaintiff (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Ballas v Virgin Media, Inc.,* 60 AD3d at 713; *Gale v International Bus. Machines Corp.,* 9 AD3d 446, 447 [2004]; *Andre Strishak & Assoc. v Hewlett Packard Co.,* 300 AD2d 608, 609 [2002]). Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.