Junger v John V. Dinan Assoc., Inc. (2018 NY Slip Op 06232)





Junger v John V. Dinan Assoc., Inc.


2018 NY Slip Op 06232


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2015-12567
2016-00832
 (Index No. 32056/12)

[*1]Mark Junger, et al., appellants, 
v
John . Dinan Associates, Inc., et al., respondents, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Madeline Greenblatt of counsel), for appellants.
Byrne & O'Neill, LLP, New York, NY (Mark McCauley of counsel), for respondents John V. Dinan Associates, Inc., and Stephen C. Leventis Architect.
Ryan Karben, Pomona, NY (Ryan S. Karben of counsel), for respondents Jada Construction & Development, Inc., and Jada Construction, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from two orders of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated December 1, 2015, and January 7, 2016, respectively. The order dated December 1, 2015, insofar as appealed from, granted that branch of the motion of the defendants John V. Dinan Associates, Inc., and Stephen C. Leventis Architect which was for summary judgment dismissing the complaint insofar as asserted against them. The order dated January 7, 2016, insofar as appealed from, granted that branch of the motion of the defendants Jada Construction & Development, Inc., and Jada Construction, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order dated December 1, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants John V. Dinan Associates, Inc., and Stephen C. Leventis Architect which was for summary judgment dismissing the plaintiffs' third cause of action, alleging professional negligence, insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated December 1, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated January 7, 2016, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Jada Construction & Development, Inc., and Jada Construction, Inc., which was for summary judgment dismissing the plaintiffs' first cause of action, alleging breach of contract, insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated January 7, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiffs commenced this action alleging breach of contract, breach of duty, professional negligence, and fraud against the architects who prepared plans in connection with the construction of the plaintiff Mark Junger's personal residence located in Monsey. The defendants John V. Dinan Associates, Inc. (hereinafter Dinan), and Stephen C. Leventis Architect (hereinafter [*2]Leventis; hereinafter together the Dinan defendants), moved, and the defendants Jada Construction & Development, Inc., and Jada Construction, Inc. (hereinafter together the Jada defendants), separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them.
A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). Failure to make that initial showing requires denial of the motion, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; St. Luke's-Roosevelt Hosp. v American Tr. Ins. Co., 274 AD2d 511; Greenberg v Manlon Realty, Inc., 43 AD2d 968).
We disagree with the Supreme Court's determination granting that branch of the Dinan defendants' motion which was for summary judgment dismissing the cause of action alleging professional negligence insofar as asserted against them. The Dinan defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law because they did not submit evidence that the architectural plans and designs were proper, conformed to applicable professional standards, and did not deviate from the design as intended (see Kung v Zheng, 73 AD3d 862, 863). The Dinan defendants also failed to offer evidence demonstrating that their plans and designs were not used to construct the residence. Since the Dinan defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiffs' papers in opposition to this branch of their motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, we agree with the Supreme Court's determination granting those branches of the Dinan defendants' motion which were for summary judgment dismissing the causes of action alleging breach of duty and fraud insofar as asserted against them. The cause of action alleging breach of duty was duplicative of the cause of action alleging professional negligence. Moreover, the plaintiffs' allegations supporting the cause of action to recover damages for fraud lacked the requisite specificity (see Orchid Constr. Corp. v Gonzalez, 89 AD3d 705, 707-708; Morales v AMS Mtge. Servs., Inc., 69 AD3d 691, 692). "Generally, a cause of action alleging breach of contract may not be converted to one for fraud merely with an allegation that the contracting party did not intend to meet its contractual obligations" (Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 914; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318).
Similarly, we agree with the Supreme Court's determination granting that branch of the Dinan defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against them (see Alvarez v Prospect Hosp., 68 NY2d at 324; Arnell Constr. Corp. v New York City School Constr. Auth., 144 AD3d 714, 715; Legum v Russo, 133 AD3d 638, 639). "The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach" (Arnell Constr. Corp. v New York City School Constr. Auth., 144 AD3d at715; see Legum v Russo, 133 AD3d at 639). The Dinan defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract insofar as asserted against them by submitting evidence that they provided the plaintiffs with the plans required by their contracts. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Dinan defendants complied with the terms of the contracts. Moreover, the plaintiffs did not allege that the quality of the work performed by the Dinan defendants is a basis for the cause of action alleging breach of contract.
We disagree with the Supreme Court's determination granting that branch of the Jada defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against them because they failed to establish the absence of material issues of fact regarding this cause of action (see Alvarez v Prospect Hosp., 68 NY2d at 324). The Jada defendants' contract with the plaintiffs provided, inter alia, that all subcontractors be provided and approved by the Jada defendants. The evidence submitted by the Jada defendants in support of their motion failed to demonstrate that they had complied with the terms of the contract. Moreover, the Jada defendants also failed to demonstrate that the plaintiffs' conduct made performance by the Jada defendants impossible. Since the Jada defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiffs' papers in opposition to this branch of their motion [*3](see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
However, we agree with the Supreme Court's determination granting those branches of the Jada defendants' motion which were for summary judgment dismissing the causes of action alleging breach of duty and fraud insofar as asserted against them. The cause of action alleging breach of duty was duplicative of the breach of contract cause of action. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Island R. Co., 70 NY2d 382, 390). Moreover, the plaintiffs' allegations supporting the cause of action to recover damages for fraud lacked the requisite specificity (see Orchid Constr. Corp. v Gonzalez, 89 AD3d at 707-708; Morales v AMS Mtge. Servs., Inc., 69 AD3d at 692). "Generally, a cause of action alleging breach of contract may not be converted to one for fraud merely with an allegation that the contracting party did not intend to meet its contractual obligations" (Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d at 914; see New York Univ. v Continental Ins. Co., 87 NY2d at 318).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court