Hutchins v Palmer (2019 NY Slip Op 07570)





Hutchins v Palmer


2019 NY Slip Op 07570


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2017-13320
 (Index No. 714102/16)

[*1]Perry Hutchins, etc., et al., plaintiffs, 
v
Andre Marc Palmer, et al., appellants.


Vernita Charles, Brooklyn, NY, for appellants.
Rotbert Business Law P.C., New York, NY (Mitchell J. Rotbert of counsel), for plaintiffs.



DECISION & ORDER
In an action to recover damages for fraud, aiding and abetting fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty, the defendants appeal from an amended order of the Supreme Court, Queens County (Salvatore Modica, J.), entered October 3, 2017. The order, insofar as appealed from, in effect, denied that branch of the defendants' unopposed motion which was to dismiss the complaint as barred by the statute of limitations and, sua sponte, granted the plaintiffs leave to file and serve an amended complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, granted the plaintiffs leave to file and serve an amended complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' unopposed motion which was to dismiss the complaint as barred by the statute of limitations is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In November 2012, the plaintiffs, Perry Hutchins and his wife, Marian Hutchins, commenced an action against, among others, the defendants, Andre Marc Palmer and Sheryl "Opal" Palmer, in the United States District Court for the Eastern District of New York (hereinafter the federal action), asserting causes of action based on the Racketeer Influenced and Corrupt Organization Act (hereinafter RICO), as well as fraud and breach of fiduciary duty, in connection with several real estate transactions that took place in 2006 and 2007.
On May 26, 2016, the District Court granted partial summary judgment in favor of the defendants in the federal action and dismissed the plaintiffs' RICO claims as time-barred. The court declined to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims alleging fraud and breach of fiduciary duty, and dismissed those claims without prejudice (see Hutchins v Palmer, 2016 WL 3030147, 2016 US Dist LEXIS 69341, [ED NY, No. 12-CV-5927 JFB/AKT]).
In November 2016, the plaintiffs commenced this action in the Supreme Court, Queens County, based on allegations arising from the same events as the claims in the federal action, but they did not serve the defendants until December 2016. The defendants subsequently moved, inter alia, to dismiss the complaint as time-barred. The motion was unopposed. In an amended order entered October 3, 2017, the court, in effect, denied that branch of the defendants' motion and, sua sponte, granted the plaintiffs leave to file and serve an amended complaint.
The Supreme Court should have granted that branch of the defendants' unopposed motion which was to dismiss the complaint as barred by the statute of limitations. Following the dismissal, without prejudice, of the plaintiffs' pendent state law claims in the federal action, the plaintiffs failed to commence this action and serve the defendants within the six-month grace period afforded by CPLR 205(a) (see J Constr. Co., LLC v Westchester Fire Ins. Co., 165 AD3d 1076, 1078; Quinones v Neighborhood Youth & Fam. Servs., Inc., 71 AD3d 1106; Pi Ju Tang v St. Francis Hosp., 37 AD3d 690). Hence, the defendants established, prima facie, that the time within which to commence this action had expired (see Campone v Panos, 142 AD3d 1126, 1127), and since their motion was unopposed, it should have been granted.
Furthermore, the defendants' motion could not be defeated or rendered academic by filing an amended pleading. "[A] motion to dismiss which is addressed to the merits may not be defeated by an amended pleading," and a motion to dismiss an action as time-barred is clearly addressed to the merits (Livadiotakis v Tzitzikalakis, 302 AD2d 369, 370; see Terrano v Fine, 17 AD3d 449). Thus, the plaintiffs ignored the defendants' motion at their own peril.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court