No. 21-2789
*Grossman v. GEICO Casualty Company*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

TODD GROSSMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MUJO PEREZIC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

> *Plaintiffs-Appellants*,

> v.                                                                No. 21-2789

GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY,

> *Defendants-Appellees.**

_____

---

* The Clerk of Court is directed to amend the case caption to conform to the above.

FOR APPELLANTS:                    ROY T. WILLEY, IV (Eric M. Poulin, Blake G. Abbott, *on the brief*), Anastopoulo Law Firm, Charleston, SC; Edward Toptani, Toptani Law PLLC, New York, NY.

FOR APPELLEES:                     DAMON VOCKE (David T. McTaggart, *on the brief*), Duane Morris, LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 13, 2021, is **AFFIRMED**.

Plaintiffs-Appellants Todd Grossman and Mujo Perezic bring this putative class action against Defendants-Appellants GEICO Casualty Company, GEICO Indemnity Company, and GEICO Insurance Company (together, "GEICO"), seeking to represent a class of New York residents who had or purchased automobile, motorcycle, or RV insurance policies from GEICO during the period between March 1, 2020, and the date on which they filed their complaint. Plaintiffs allege that COVID-19-related stay-at-home orders first implemented in March 2020 caused a dramatic reduction in driving and, in turn, driving-related accidents, resulting in windfall profits for automobile insurance companies, including GEICO. In April 2020, GEICO instituted a "Giveback Program" that provided a 15% premium reduction on new or renewed policies. Plaintiffs contend that this credit was inadequate, that GEICO's advertising about the Giveback Program was misleading, and that GEICO charged unconscionably excessive premiums and unjustly retained windfall profits during the pandemic. They assert claims for breach of the covenant of good faith and fair dealing, unjust enrichment, and violations of New York General Business Law ("GBL") Sections 349 and 350.

The district court dismissed Plaintiffs' complaint for failure to state a claim and later denied their motion for reconsideration. Plaintiffs now appeal from the judgment of dismissal. We assume the parties' familiarity with the underlying facts, procedural history,

2

and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In July 2021, acting pursuant to the district court's local and individual rules, GEICO filed a letter in which it briefly stated its arguments for why the complaint did not state a plausible claim and requested a pre-motion conference to discuss its planned motion to dismiss. The district court "construe[d]" the letter as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and then granted the "motion." *Grossman v. Geico Cas. Co.*, No. 21 CIV. 2799 (VM), 2021 WL 5229080, at *1 (S.D.N.Y. Sept. 13, 2021).[1] Because the district court dismissed the complaint under Rule 12(b)(6), we review its dismissal order *de novo. See Bellin v. Zucker*, 6 F.4th 463, 472 (2d Cir. 2021); *Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69, 70 (2d Cir. 2019) (summary order) (reviewing dismissal order on pre-motion letters *de novo*).[2] On such review, we conclude that Plaintiffs' complaint fails to state a claim as a matter of law for at least two independent reasons.

1. The filed rate doctrine bars Plaintiffs' claims

First, Plaintiffs' claims are precluded by the filed rate doctrine, which "bars suits against regulated utilities grounded on the allegation that the rates charged by the utility are unreasonable." *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). Under the doctrine, "any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Id.* The doctrine is rooted, in part, in the concept that "courts should not undermine agency rate-making authority by upsetting approved rates"—a concept known as the "nonjusticiability" principle. *Rothstein v. Balboa Ins. Co.*, 794 F.3d 256, 261 (2d Cir. 2015). The filed rate

---

[1] Unless otherwise noted, in quoting caselaw and the parties' briefing, this Order omits all alterations, citations, footnotes, and internal quotation marks.

[2] Although our review of the district court's decision to grant dismissal under Rule 12(b)(6) is *de novo*, we review for abuse of discretion the district court's decision to construe GEICO's pre-motion letter as itself a motion to dismiss. *See Lehmann v. Ohr Pharm., Inc.*, 2021 WL 5986761, at *1 n.1 (2d Cir. Dec. 16, 2021) (summary order) ("Because the District Court manages its docket within its broad discretion, we review its decision [to construe a letter requesting permission to file a motion for leave to amend as the substantive motion] for abuse of discretion, not *de novo*, as Plaintiffs inaccurately suggest.").

doctrine's application "does not depend on the nature of the cause of action the plaintiff seeks to bring or the culpability of the defendant's conduct or the possibility of inequitable results." *Id.* at 261–62.

Plaintiffs' claims are barred under the filed rate doctrine because, fundamentally, they each seek a recalculation of the insurance rates that GEICO charged during the relevant period. These rates were approved by the New York Department of Financial Services ("NYDFS"). New York Insurance Law provides that "[r]ates shall not be excessive, inadequate, unfairly discriminatory, destructive of competition or detrimental to the solvency of insurers" and charges the NYDFS Superintendent with "determining whether rates comply with the foregoing standards," taking into account factors specified by the statute. N.Y. Ins. Law § 2303. Each of Plaintiffs' claims depends on an allegation that the NYDFS-approved rates that GEICO charged were "excessive." App'x at 19–20, 22–23. The claims are therefore barred under the filed rate doctrine's nonjusticiability principle. *See Rothstein*, 794 F.3d at 263 (rejecting, pursuant to the nonjusticiability principle, claims against a hazard insurance company that "rest[ed] on the premise that the rates approved by regulators were too high"); *W. Park Assocs., Inc. v. Everest Nat'l Ins. Co.*, 975 N.Y.S.2d 445, 452 (2d Dep't 2013) ("[A] consumer's claim, however disguised, seeking relief for an injury allegedly caused by the payment of a rate on file with a regulatory commission, is viewed as an attack upon the rate approved by the regulatory commission and, therefore, barred by the doctrine.").[3]

2. Plaintiffs fail to state a plausible claim

Second, even if Plaintiffs' claims were not barred by the filed rate doctrine, they were properly dismissed under Rule 12(b)(6) for the independent reason that each cause of action fails to state a plausible claim.

---

[3] We are not persuaded by Plaintiffs' argument that the filed rate doctrine should not bar Perezic's claim, in particular, on the ground that he purchased his renewal policy before GEICO began advertising its Giveback Program and before the reduced rate was approved by NYDFS. Perezic seeks relief for the allegedly excessive premiums that GEICO charged pursuant to a rate that was filed with and approved by NYDFS before his renewed policy, at the reduced rate, went into effect. Thus, the filed rate doctrine bars his claims, too.

To start, Plaintiffs argue that GEICO breached the covenant of good faith and fair dealing implied in every contract under New York law when it "failed to use its contractual discretion to adjust insurance rates as described in the insurance contract." Appellants' Br. at 4–5. The contract provision to which Plaintiffs point provides that GEICO "may adjust [the policyholder's] policy premiums during the policy term if any of" the information provided by the policyholder, placed in the policyholder's file, and "on which the premiums are based is incorrect, incomplete or changed." App'x at 14. Thus, under this provision, GEICO had no duty to act because Plaintiffs do not allege that they corrected, added to, or otherwise changed any information in their files. Rather, they allege changed conditions as a result of a global pandemic, not the type of changed information covered by this provision. *See Day v. GEICO Cas. Co.*, No. 21-CV-02103-BLF, 2022 WL 179687, at *5–6 (N.D. Cal. Jan. 20, 2022) (finding implausible a claim for breach of the covenant of good faith and fair dealing based on GEICO's failure to adjust policy premiums under materially identical policy language); *Siegal v. GEICO Cas. Co.*, 523 F. Supp. 3d 1032, 1039–40 (N.D. Ill. 2021) (same).

Next, Plaintiffs argue that they can plead an unjust enrichment claim "in the alternative to their breach of contract claim." Appellants' Br. at 38. Under New York law, "causes of action alleging breach of contract and unjust enrichment may be pleaded alternatively" in certain circumstances, *Auguston v. Spry*, 723 N.Y.S.2d 103, 106 (2d Dep't 2001), but "only where there is a dispute over the existence, scope, or enforceability of the putative contract," *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 263 (2d Cir. 1999); *see also Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) (affirming dismissal of unjust enrichment claim when there were binding agreements among the parties covering subject matter in dispute). Here, the parties do not dispute that there is an express, valid, and enforceable contract between each Plaintiff and GEICO addressing the subject matter of this lawsuit. Accordingly, Plaintiffs have not stated a plausible unjust enrichment claim.

As to the GBL, Plaintiffs assert claims under Section 349, for deceptive acts and practices, and Section 350, for false advertising. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any

service in this state." N.Y. G.B.L. § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Id.* § 350. "To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015); *see also Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 37 N.Y.3d 169, 177–78 (2021) (explaining definition of "consumer"). As Plaintiffs recognize, the "injury" component of the pleading standard includes a causation requirement: "[T]he plaintiff must show that the defendant's material deceptive act caused the injury." *Gale v. Int'l Bus. Machs. Corp.*, 781 N.Y.S.2d 45, 47 (2d Dep't 2004) (citing *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)).

Plaintiffs claim, in essence, that GEICO misleadingly advertised the Giveback Program by stating on its website that "shelter in place laws have reduced driving, and we are passing these savings on to our auto, motorcycle, and RV customers." App'x at 13. In Plaintiffs' view, GEICO's use of the term "these savings" suggested that it would provide customers "substantial and full relief" by refunding all of GEICO's abnormally large profits during the pandemic, App'x at 22, not merely the 15% premium credit provided through the Giveback Program. But Plaintiffs do not allege that they saw GEICO's advertisements of the Giveback Program, in particular the allegedly misleading "these savings" statement, before they chose to renew their insurance policies. Although the complaint alleges that Grossman "*received* advertisements, emails and other information from GEICO representatives concerning the 'Giveback,'" App'x at 13 (emphasis added), it does not allege that he ever *reviewed* the advertisements. Moreover, the specific advertisement that Plaintiffs allege misled them and caused their injury appeared on GEICO's website, which Plaintiffs nowhere allege that they ever visited. Finally, the complaint does not allege that Perezic ever received or reviewed *any* advertisement about the Giveback Program, including the specific advertisement at issue here. Indeed, Plaintiffs allege that Perezic chose to renew his policy before GEICO began advertising the Giveback Program. Thus, Plaintiffs cannot show that

6

the allegedly misleading advertisement caused their injury, and, for that reason—at a minimum—they have not stated a plausible claim under GBL Sections 349 and 350. *See, e.g.,* *Gale*, 781 N.Y.S.2d at 47 (dismissing GBL claim because the plaintiff "nowhere states in his complaint that he saw any of these statements before he purchased or came into possession of [the allegedly defective product]" and reasoning that "[i]f the plaintiff did not see any of these statements, they could not have been the cause of his injury, there being no connection between the deceptive act and the plaintiff's injury").

3. Plaintiffs' procedural argument is unavailing

Finally, Plaintiffs submit that the district court erred by converting GEICO's pre-motion letter into a motion to dismiss and then granting the motion without full briefing or argument. Plaintiffs raise a valid concern with the district court's action in dismissing their complaint without the opportunity for full briefing and in possible violation of the applicable local rules and the district court's stated individual practice.[4] Nonetheless, we conclude that, in this case, any error in the district court's dismissal order is harmless in light of the substantial deficiencies in the complaint. *See Kapitalforeningen*, 779 F. App'x at 70 (treating the district court's failure to provide notice and an opportunity to be heard before dismissing the complaint as "a form of harmless error" when "the parties 'have fully briefed all the

---

[4] Rule 7.1 of the Local Rules of the U.S. District Court for the Southern District of New York provides that "applications for a pre-motion conference[] and *similar non-dispositive matters . . .* may be brought by letter-motion." S.D.N.Y. L.R. 7.1(d) (emphasis added). Similarly, the 2013 Committee Note to Rule 7.1 prohibits litigants from moving to dismiss through a letter motion. *See* S.D.N.Y. L.R. 7.1, 2013 comm. note ("Local Civil Rule 7.1(d) is not intended to expand the types of motions that can be made by letter-motion. For example, *motions to dismiss* or motions for summary judgment *may not be made by letter-motion.*" (emphasis added)). Similarly, Judge Marrero's individual practice regarding motions to dismiss requires "the defendant [to] communicate with the plaintiff by letter not exceeding three single-spaced pages, with a copy to the Court, . . . setting forth the . . . pleading deficiencies in the complaint and other reasons or controlling authorities that defendant contends would warrant dismissal." Individual Practices of U.S. District Judge Victor Marrero § II.B.1 (Feb. 3, 2020). The plaintiff then is accorded seven days to respond to the defendant's arguments or to seek leave to amend the complaint. *Id.* In addition, "[w]here the circumstances warrant and the pre-motion letter contains a sufficient factual and legal statement of the matter at issue," the district court on its own motion "may treat such letter as constituting a motion for the relief request[ed] *and direct that it be filed as such* and that the parties respond and reply by letter-briefs of specified lengths." *Id.* § II.A.2 (emphasis added). The record contains no indication that the district court directed GEICO to file its pre-motion letter as a motion to dismiss or allowed Plaintiffs to file further briefing before the court dismissed Plaintiffs' complaint, although Plaintiffs had already sent to GEICO a letter in opposition.

questions raised on the appeal' and the 'issues are predominately of a legal nature'" (quoting *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001))). In both their motion for reconsideration and their briefing on appeal, Plaintiffs have failed to offer any persuasive argument for why their claims should survive dismissal or why they were ultimately prejudiced by the district court's action. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order) (affirming the district court's judgment after finding no abuse of discretion in its treatment of a pre-motion letter as a motion when the losing party "had the opportunity to make the arguments necessary to preserve its [position] for appellate review" and "ha[d] not pointed to any additional argument it would have made had it filed full motion papers"). Thus, their complaint was properly dismissed, even if the procedure the district court used was perhaps improper.

* * *

We have considered all of Plaintiffs' remaining arguments and find in them no basis for reversal. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8