■ CONTIMORTGAGE CORPORATION, Respondent, v RENEE GARRETT, Also Known as RENEE C. GARRETT, Respondent, et al., Defendants. ALI AHMED ALGAZLI et al., Nonparty Appellants. [820 NYS2d 887]—

In a mortgage foreclosure action, the nonparty purchasers at a foreclosure sale appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated May 25, 2004, as denied their motion for specific performance of the foreclosure sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the appellants' motion for specific performance, as, inter alia, personal service was not effected upon the defendant Renee Garrett, also known as Renee C. Garrett, in the manner directed by the court within the time

imposed by the court in the order to show cause (*see Jubilee, Inc. v Haslacha, Inc.,* 270 AD2d 34 [2000]). In any event, the court had properly stayed the transfer of the deed without prejudice to Garrett's right of redemption on the ground that Garrett, as mortgagor, had not received notice of the foreclosure sale (*see Alkaifi v Celestial Church of Christ Calvary Parish,* 24 AD3d 476, 477 [2005]).

The appellants had no standing to enforce a so-ordered stipulation between the plaintiff and Garrett since they were not parties to the stipulation and cannot be considered third-party beneficiaries of the stipulation (*see generally Trustco Bank N.Y. v S/N Precision Enters.,* 234 AD2d 665 [1996]). Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.