■ ALAN D. GLATT, Appellant, v MARINER PARTNERS, INC., et al., Respondents. [879 NYS2d 472]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 7, 2008, which granted defendants' motion to dismiss certain causes of action to the extent of dismissing the causes of action for fraud and quantum meruit, and denied the motion with respect to the cause of action for breach of contract, deemed to have dismissed so much of the second cause of action for breach of contract as is based on the "Responsibilities" section of the contract, and, so considered, unanimously affirmed, without costs.

Plaintiff's cause of action for fraudulent inducement was properly dismissed. Not only is there no allegation of a misrepresentation that is collateral to the contract (see *Glanzer v Keilin & Bloom*, 281 AD2d 371 [2001]; *Orix Credit Alliance v Hable Co.*, 256 AD2d 114 [1998]), but in addition there is no allegation of a knowing misrepresentation of a present material fact with the intent to deceive (see *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]; *Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1056 [2009]). This fraud cause of action, based on the claim that defendants represented that plaintiff would be able to transfer his Morgan Stanley clients and fully manage their accounts, actually hinges upon defendants' *implicit* representation that they possessed, or would obtain, the broker dealer licensing necessary to permit plaintiff to transfer and manage the securities accounts of his existing clients at Morgan Stanley. There are no allegations in the complaint that the parties ever discussed defendant Mariner Partners' licensing in advance of contracting. The alleged explicit representations are insufficient to establish a knowingly false statement made with the intent to deceive, and the relied-upon implicit statement cannot serve as a misrepresentation upon which a claim of fraud may properly be based. Moreover, the allegations fail to support an assertion that plaintiff acted reasonably to the extent he relied on defendants' implicit representations.

With respect to the cause of action for breach of contract, we agree with the motion court's finding that the contract is unambiguous, and that nothing in the "Responsibilities" section pertaining to plaintiff's Morgan Stanley clients may be read to require defendants to have the type of broker-dealer licensing needed for plaintiff to fully service his Morgan Stanley clients.

Plaintiff's delay of nearly four years before seeking to rescind the contract after learning in October 2003 that defendants would not seek the licensing needed to service his Morgan Stanley clients constituted a waiver of his right to sue in quantum meruit (*see R & A Food Servs. v Halmar Equities*, 278 AD2d 398 [2000]). Concur—Gonzalez, P.J., Mazzarelli, Saxe, Moskowitz and Richter, JJ.