■ TEDDY MOORE, Appellant, v LIBERTY POWER CORP., LLC, Respondent. [897 NYS2d 723]—

In a putative class action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Weinstein, J.), dated April 24, 2009, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7), and denied, as academic, his cross motion, inter alia, for class certification.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant did not engage in any fraudulent or inappropriate conduct.

The plaintiff commenced this action alleging that the defendant agreed to supply electricity to his residence at a rate of .1896 cents per kWh, but that it was charging him 18.96 cents per kWh instead. The plaintiff alleges that this is a "bait and

switch" scam which the defendant has practiced on more than 200,000 people over the last seven years. The complaint sought a judgment declaring that the defendant was operating a "criminal scam," and an order directing it to disgorge its overcharges. The defendant moved pursuant to CPLR 3211 (a) (1) and (7). The plaintiff cross-moved, inter alia, for class certification. The Supreme Court granted the motion and denied, as academic, the cross motion. We affirm.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685, 686 [2008]). "On a motion to dismiss based upon documentary evidence [under CPLR 3211 (a) (1)], dismissal is only warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Klein v Gutman*, 12 AD3d 417, 418 [2004]; *see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Ballas v Virgin Media, Inc.*, 60 AD3d 712, 713 [2009]; *McMorrow v Dime Sav. Bank of Williamsburgh*, 48 AD3d 646, 647 [2008]).

The plaintiff asserts that the complaint alleges a cause of action to recover damages for common-law fraud. "To make out a prima facie case of fraud, the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *see Morales v AMS Mtge. Servs., Inc.*, 69 AD3d 691 [2010]; *Oko v Walsh*, 28 AD3d 529 [2006]; *Glassman v Zoref*, 291 AD2d 430, 431 [2002]). CPLR 3016 (b) further requires that the circumstances of the fraud must be "stated in detail," including specific dates and items (*see McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016 [2009]; *see also Sargiss v Magarelli*, 12 NY3d 527 [2009]; *Dumas v Fiorito*, 13 AD3d 332, 333 [2004]). The plaintiff failed to allege or provide details of any misstatements or misrepresentations made specifically by the defendant's representatives to him, as required by CPLR 3016 (b) (*see Small v Lorillard Tobacco Co.*, 94 NY2d at 57; *Oko v Walsh*, 28 AD3d at 529).

To the extent the plaintiff asserts that the complaint alleges consumer fraud in violation of General Business Law § 349, the

plaintiff failed to mention General Business Law § 349 in either the complaint or his opposition papers. Further, to state a claim under the statute, a plaintiff must allege that the defendant has engaged "in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995], citing *Varela v Investors Ins. Holding Corp.*, 81 NY2d 958, 961 [1993]; *see Small v Lorillard Tobacco Co.*, 94 NY2d at 55). Here, the documentary evidence established that the parties entered into an agreement for the defendant to supply the plaintiff's residence with electricity at a rate of "0.1896" per kWh, which can only reasonably be interpreted to mean $0.1896 per kWh. The failure of the agreement to use a currency symbol was not "deceptive or misleading in a material way" (*Andre Strishak & Assoc. v Hewlett Packard Co.*, 300 AD2d 608, 609 [2002]; *see Ballas v Virgin Media, Inc.*, 60 AD3d 712 [2009]), and the allegedly deceptive business practice was not "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26).

In the absence of an actual controversy over the rate the defendant charged the plaintiff, the plaintiff is not entitled to declaratory relief (*see* CPLR 3001; *Klostermann v Cuomo*, 61 NY2d 525, 538 [1984]).

The plaintiff's remaining contention is without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant did not engage in any fraudulent or inappropriate conduct (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Florio, Miller and Eng, JJ., concur.