■ 2470 CADILLAC RESOURCES, INC., et al., Appellants, v DHL EXPRESS (USA), INC., Respondent, et al., Defendant. [923 NYS2d 530]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered July 23, 2009, which, to the extent appealed from, granted defendant DHL Express (USA), Inc.'s motion to dismiss the first, third, fourth, fifth, and sixth causes of action and the prayer for punitive damages, unanimously affirmed, with costs.

Plaintiffs, franchisees of domestic shipping services, seek to enforce alleged third-party beneficiary rights under agreements between the franchisor, not a party to this action, and defendant DHL, the operator of a global delivery and shipping network.

To the extent their claims are based on allegations as to DHL's rates, routes or services, these claims are preempted by the Airline Deregulation Act and the Federal Aviation Administration Authorization Act (*see American Airlines, Inc. v Wolens*, 513 US 219 [1995]; *Travel All Over the World, Inc. v Kingdom of Saudi Arabia*, 73 F3d 1423, 1432 [7th Cir 1996]). To the extent their breach of contract claim is based on improper notice of termination of the reseller agreement between the franchisor and DHL, it is not preempted by the aforesaid federal statutes (*see Wolens*, 513 US at 219; *Travel All Over the World*, 73 F3d at 1432). In any event, however, plaintiffs have no standing to assert their breach of contract claim as third-party beneficiaries, and their remaining claims are either duplicative of their contract claim or fail to state a cause of action.

Plaintiffs cannot establish that the reseller agreement was intended for their benefit (*see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434-435 [2000]). While the agreement authorized the use of third-party resellers, "the provisions permitting such use are obviously intended to effectuate [the franchisor's] performance and thereby generate revenues for both [the franchisor] and [DHL]. Any benefit to those selected as [third-party resellers] is an incidental by-product of the agreement" (*Artwear, Inc. v Hughes*, 202 AD2d 76, 82 [1994]; *see Shearman & Sterling*, 95 NY2d at 434-435).

The third cause of action, for breach of the implied covenant of good faith and fair dealing, is duplicative of the breach of contract cause of action since it is based on the same facts as are alleged in support of that cause of action, i.e., cessation of domestic shipping services, cessation of service to certain zip codes, improper billing and inappropriate rate increases (*see Logan Advisors, LLC v Patriarch Partners, LLC*, 63 AD3d 440, 443 [2009]).

The fourth cause of action, for misappropriation of confidential information, fails to allege that DHL stole the information or that plaintiffs took steps to maintain the secrecy of the information (*see Fada Intl. Corp. v Cheung*, 57 AD3d 406 [2008], *lv denied* 12 NY3d 706 [2009]).

The fifth cause of action, for fraud, fails to allege that plaintiffs relied on any misrepresentations made by DHL (*see Mandarin Trading Ltd. v Wildenstein*, 65 AD3d 448, 459 [2009], *affd* 16 NY3d 173 [2011]).

The sixth cause of action, for tortious interference with prospective business relations, alleges that DHL's conduct was motivated by economic considerations, i.e., a desire to leave the

domestic shipping market after years of struggling with competition, rather than by the requisite malice or desire to inflict injury (*see Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.*, 44 AD3d 317 [2007]).

Punitive damages are not recoverable in a breach of contract action in which no public rights are alleged to be involved (*see International Plaza Assoc., L.P. v Lacher*, 63 AD3d 527, 528 [2009]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.