OPINION OF THE COURT
Charles J. Markey, J.
This proceeding raises an issue of first impression in New York State on the power of a court in this state to declare of *518 ficially the gender of a petitioner who has undergone gender reassignment surgery and to change an out-of-state birth certificate.*
The petitioner was born on XXXX Y, 19ZZ, in Orange, California, as a female named A.B.C. On May 25, 2011, petitioner underwent irreversible gender reassignment surgery, altering petitioner’s sexual characteristics from female to male. Petitioner had previously obtained an order dated XXXX Y, 20ZZ, from a supreme court justice of another county, pursuant to Civil Rights Law article 6, authorizing petitioner to assume the name of A.B.C. The Department of Public Health of the State of California, on August 5, 2008, allegedly issued an amendment of A.B.C.’s birth certificate to reflect the court-ordered change of name.
Petitioner, upon the foregoing papers, brought this special proceeding asking this court to issue an order stating that “A.B.C., born ... in the female gender, will be known now and forever as being of the male gender.” Petitioner states that he intends to submit a copy of such order to the State of California to obtain an amended birth certificate changing the gender listed thereon to male.
Petitioner does not seek any relief from the named respondent herein, implicitly conceding that the New York State Department of Health (NYSDOH) cannot change birth certificates issued in other states. As asserted in respondent’s first objection in point of law in its answer, NYSDOH has no duty, responsibility, or stake in this application. NYSDOH has charge of the registration of births occurring in New York State, except in the City of New York (Public Health Law § 4100 [1] [a]). Although NYSDOH has an administrative process in place to allow persons born in New York to obtain a gender change review for the purpose of seeking to amend a New York birth certificate, respondent has no role to serve in reviewing or evaluating the gender change of a person born in California. Accordingly, the petition against respondent is denied.
This court also lacks a basis for entertaining the petitioner’s request for an order recognizing his gender reassignment *519 surgery and declaring him to be of the male gender as an ex parte application. Initially, as a procedural matter, the prosecution of this matter in the form of a special proceeding is not authorized (CPLR 103 [b]). While the proper form for the type of relief requested would appear to be a declaratory judgment action, conversion of this special proceeding to an action (CPLR 103 [c]) would be futile. Pursuant to CPLR 3001, a court may render a declaratory judgment “as to the rights and other legal relations of the parties to a justiciable controversy.” This proceeding does not present an actual contest involving an adverse party. Petitioner thus would not be entitled to declaratory relief (CPLR 3001; see Anonymous v Mellon, 91 Misc 2d 375 [Sup Ct, NY County 1977]; see generally Moore v Liberty Power Corp., LLC, 72 AD3d 660, 662 [2d Dept 2010], lv denied 14 NY3d 713 [2010]; Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 99-101 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).
New York State has no statute giving a party a right to petition a court to recognize a change of gender and there is no authorization from the legislature for the court to direct the amendment of a birth certificate as to a person’s sex. The New York State Legislature has directed that a new birth certificate shall be made in case of: the subsequent marriage of unwed parents; adoption; adjudication of parentage; a court-ordered change of name; or an acknowledgment of paternity (Public Health Law § 4138).
While certain other states provide by general statutes for the amendment of birth certificates, including a change in the “sex” designation (see e.g. Alaska Stat § 18.50.290; Del Code Ann, tit 16, § 3131; Ind Code § 16-37-2-10; Mont Code Ann § 50-15-204), or by specific statutes for an amendment in the event of gender reassignment (see e.g. Ak Code § 22-9A-19 [d]; Ark Code Ann § 20-18-307 [d]; Cal Health & Safety Code § 103425; Haw Rev Stat § 338-17.7 [a] [4] [B]; Mich Comp Laws § 333.2831 [c]; NJ Stat Ann § 26:8-40.12; Or Rev Stat § 432.235 [4]), New York does not so provide.
Rather, the amendment of birth certificates for these purposes in New York is within the purview of the relevant administrative agencies. As referenced previously, NYSDOH issues amended birth certificates for changes based on gender reassignment, as to birth certificates filed in the state outside of New York City, through its own administrative policy and process. Similarly, in New York City, the Health Code provides that *520 the Department of Health and Mental Hygiene shall file a new birth certificate when there has been a court-ordered name change and “proof satisfactory to the Department has been submitted that such person has undergone convertive surgery” (NY City Health Code [24 RCNY] § 207.05 [a] [5]). Neither amendment process contemplates a court’s involvement in determining, in the first instance, that there has been a change of gender.
Absent a statutory framework, and since the status claimed by petitioner is not challenged or denied by an adverse party who has or asserts a concrete interest in the issue so as to create a genuine controversy, the relief sought by petitioner is unavailable in this court.
This decision does not leave petitioner without a remedy. As recognized by petitioner, the request for the ultimate relief he seeks, a new birth certificate reflecting a change in gender, must be made in his birth state, California, where his birth certificate was issued. Pursuant to section 103425 of the California Health and Safety Code (as amended by Stats 2011, ch 718, § 1, eff Jan. 1, 2012), the petitioner may file a petition for a judgment recognizing his change of gender, and ordering the issuance of a new birth certificate reflecting such change, in the superior court in any county in the State of California.
Unlike in New York, the legislature in California, since 1977, has, by statute, given the courts of California jurisdiction to order the issuance of a new birth certificate to reflect the gender reassignment of an individual born in California (Stats 1977, ch 1086, § 2; Stats 1995, ch 415, § 4; see Somers v Superior Court, 172 Cal App 4th 1407, 92 Cal Rptr 3d 116 [2009]).
The above cited recent amendment to section 103425 of the California Health and Safety Code (as amended by Stats 2011, ch 718, § 1, eff Jan. 1, 2012), insofar as is pertinent here, deleted a requirement that the petition be filed in the petitioner’s county of residence, thus allowing current nonresidents of the state who were born in California to avail themselves of the statutory procedure for petitioning the court to recognize a change of gender and direct the issuance of a new birth certificate (see Somers, 172 Cal App 4th at 1416, 92 Cal Rptr 3d at 123 [holding that the prior requirement “that a petitioner under section 103425 file the petition in the county of his or her residence unconstitutionally denies California-born transgender individuals residing outside California the same rights that California-born transgender individuals residing in California *521 have under section 103425”]). The courts of California thus afford an appropriate forum for the complete relief sought by petitioner.
Accordingly, the petition is denied and the proceeding is dismissed.

 This version of the court’s decision, for purposes of publication, deletes the real name and real initials of the petitioner, removes the petitioner’s date of birth, and omits the index number to protect any privacy concerns and interests of the petitioner.