In an action, inter alia, to rescind a mortgage, the plaintiff *930 appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated September 30, 2011, as granted that branch of the motion of the defendant Citimortgage, Inc., as successor in interest to Griffin Mortgage Corporation, which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
“On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]). “Where a cause of action or defense is based upon . . . fraud . . . the circumstances constituting the wrong shall be stated in detail” (CPLR 3016 [b]).
Here, the plaintiff failed to allege or provide details of any misstatements or misrepresentations made to him specifically by the respondent, as required by CPLR 3016 (b) (see Scott v Fields, 85 AD3d 756, 757 [2011]; Moore v Liberty Power Corp., LLC, 72 AD3d 660, 661 [2010]). Therefore, according the plaintiff the benefit of every possible inference, the complaint failed to state a cause of action sounding in fraud against the respondent and, thus, the Supreme Court properly granted that branch of the respondent’s motion which was to dismiss that cause of action insofar as asserted against it (see Glatt v Mariner Partners, Inc., 63 AD3d 428, 429 [2009]).
The plaintiffs remaining contentions are improperly raised for the first time on appeal. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.