In an action, inter alia, to recover damages for breach of contract, the defendant and third-party plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated March 15, 2012, as granted those branches of the motion of the plaintiff and the third-party defendant Anastasia Rigas, and those branches of the separate motion of the third-party defendant Medicon, Inc., which were pursuant to CPLR 3211 (a) to dismiss the first, second, third, fifth, sixth, and seventh counterclaims/causes of action in the third-party complaint insofar as asserted against each of them, and the third-party defendant Medicon, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth counterclaim/cause of action in the third-party complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the third-party defendant Medicon, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth counterclaim/cause of action in the third-party complaint insofar as asserted against it is granted; and it is further,
Ordered that one bill of costs is awarded to the plaintiff and the third-party defendants appearing separately and filing separate briefs.
This appeal centers around various inventions of the defendant and third-party plaintiff, Pelagia-Irene Gouma, a faculty member of the State University of New York (hereinafter SUNY) at Stony Brook. Pursuant to 8 NYCRR 335.28, which addresses SUNY’s patents and inventions policy, SUNY owned some of Gouma’s inventions at issue in this appeal and cross appeal. By written agreement (hereinafter licensing agreement), Research Foundation of State University of New York (hereinafter Research Foundation), on SUNY’s behalf, licensed to Medicon, Inc. (hereinafter Medicon), certain inventions created by Gouma, but owned by SUNY. In 2009, with Research Foundation’s consent, Medicon transferred to Nanomedicon, LLC (here *596 inafter Nanomedicon), all of its interests in the licensing agreement. The documentary evidence reflects that notwithstanding Gouma’s contrary contention, the 2009 transfer was valid.
Nanomedicon commenced this action, inter alia, to recover damages for breach of contract, against Research Foundation and Gouma, and Gouma commenced a third-party action against Medicon and Anastasia Rigas, a Nanomedicon officer and employee.
Gouma contends that Medicon, Nanomedicon, and Rigas engaged in fraud, tortious interference with prospective economic advantage, and conversion in their efforts to benefit from her inventions, and were unjustly enriched by her inventions. Gouma further alleges that Nanomedicon breached a confidentiality agreement pertaining to her inventions, and also seeks two declaratory judgments in connection with her inventions.
Nanomedicon and Rigas moved, and Medicon separately moved, to dismiss all of the counterclaims/causes of action in the third-party complaint insofar as asserted against each of them, and the Supreme Court granted their respective motions, with the exception of those branches of the motions which were to dismiss the counterclaim/cause of action alleging fraud. Gouma appeals from so much of the order as granted those branches of the motions which were to dismiss six of her seven counterclaims/causes of action, while Medicon cross-appeals from so much of the Supreme Court’s order as denied that branch of its motion which was to dismiss Gouma’s fraud counterclaim/cause of action insofar as asserted against it.
The Supreme Court properly granted those branches of the motions which were to dismiss Gouma’s counterclaim/cause of action for a judgment declaring the licensing agreement null and void on the ground that Gouma lacked standing because she was not a party to, or third-party beneficiary of, the licensing agreement. “A party asserting rights as a third-party beneficiary must establish ‘(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [her] benefit and (3) that the benefit to [her] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [her] if the benefit is lost’ ” (State of Cal. Pub. Employees’ Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000], quoting Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 336 [1983]). Gouma, who is not a party to the licensing agreement, failed to allege that she is an intended third-party beneficiary of that agreement (see Superior Ice Rink, Inc. v Nescon Contr. Corp., 40 AD3d 963, 965 [2007]; *597 Parker & Waichman v Napoli, 29 AD3d 396, 398 [2006]). In any event, even assuming that such an allegation could be inferred from her complaint, dismissal would still be warranted, as the documentary evidence conclusively establishes, as a matter of law, that Gouma is not an intended third-party beneficiary of the licensing agreement (see 2470 Cadillac Resources, Inc. v DHL Express [USA], Inc., 84 AD3d 697, 697-698 [2011]; First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d 1135, 1137 [2010]; Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]; Aymes v Gateway Demolition Inc., 30 AD3d 196, 196 [2006]; Pile Found. Constr. Co. v Berger, Lehman Assoc., 253 AD2d 484, 486 [1998]). In light of Medicon’s transfer of its interests to Nanomedicon, it is clear that no valid and binding contract exists between the Research Foundation and Medicon. While a valid and binding contract exists between Research Foundation and Nanomedicon, an examination of the licensing agreement demonstrates that it was not intended to benefit Gouma. Accordingly, Gouma lacks standing to seek the relief requested (see 2470 Cadillac Resources, Inc. v DHL Express [USA], Inc., 84 AD3d at 698; Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [2010]; Contimortgage Corp. v Garrett, 32 AD3d 977, 978 [2006]).
For the same reasons, the Supreme Court also properly granted that branch of the motion of Nanomedicon and Rigas which was to dismiss Gouma’s counterclaim/cause of action alleging breach of a confidentiality agreement, asserted against only Nanomedicon. Gouma is not a party to the confidentiality agreement, she did not allege third-party beneficiary status with respect to that agreement, and, in any event, she cannot establish such status with respect to that agreement.
The Supreme Court properly granted those branches of the motions which were to dismiss Gouma’s counterclaim/cause of action for a judgment declaring that she owned certain inventions and that various individuals did not contribute to her inventions. Gouma lacks standing to seek any declarations regarding ownership of inventions that are the subject of the licensing agreement. As earlier noted, pursuant to SUNY’s patents and inventions policy, Gouma assigned to SUNY her rights to the relevant inventions. To the extent that the Research Foundation returned to Gouma her rights to any of her inventions, no actual controversy exists as to ownership, and thus no declaration on that subject is warranted (see American Ins. Assn. v Chu, 64 NY2d 379, 383 [1985], cert denied 474 US 803 [1985]; Matter of Guild of Administrative Officers of Suffolk County Community Coll, v County of Suffolk, 126 AD2d *598 725, 728 [1987]). In any event, to the extent that Gouma seeks a declaration that certain individuals are not entitled to inventor status, her claims are premature in light of the fact that the relevant patent applications remain pending (see 35 USC § 116; HIF Bio, Inc. v Yung Shin Pharms. Indus. Co., Ltd., 600 F3d 1347, 1353-1354 [2010]; E.I. Du Pont de Nemours & Co. v Okuley, 344 F3d 578, 584 [2003], cert denied 541 US 1027 [2004]).
The Supreme Court correctly determined that dismissal of Gouma’s counterclaims/causes of action alleging tortious interference with prospective economic advantage (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036 [2011]), conversion and/or misappropriation (see R.U.M.C. Realty Corp. v JCF Assoc., LLC, 51 AD3d 993, 995 [2008]; Barker v NYNEX Corp., 305 AD2d 233, 234 [2003]), and unjust enrichment (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; State of New York v Barclays Bank of N.Y., 76 NY2d 533, 540-541 [1990]; Edelman v Starwood Capital Group, LLC, 70 AD3d 246, 250 [2009]; Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp., 14 AD3d 678, 680 [2005]; see also Chou v University of Chicago, 254 F3d 1347, 1363-1364 [2001]) was warranted due to Gouma’s failure to state a cause of action.
However, the Supreme Court erred in denying that branch of Medicon’s motion pursuant to CPLR 3211 (a) (7) which was to dismiss Gouma’s fraud counterclaim/cause of action insofar as asserted against it. “The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages” (Orchid Constr. Corp. v Gonzalez, 89 AD3d 705, 707 [2011] [internal quotation marks omitted]). “CPLR 3016 (b) requires that the circumstances underlying a cause of action based on fraud be stated ‘in detail’ ” (Stein v Doukas, 98 AD3d 1024, 1025 [2012], quoting CPLR 3016 [b]). For the most part, Gouma failed to allege that Medicon or its principal made misstatements to her specifically (see Manik v Citimortgage, Inc., 102 AD3d 929, 930 [2013]; Quinones v Schaap, 91 AD3d 739, 741 [2012]; Moore v Liberty Power Corp., LLC, 72 AD3d 660, 661 [2010]), and failed to set forth the time and place of the alleged misrepresentations (see Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 708 [2011]). The few allegations that satisfy either of these requirements are otherwise inadequate, as there is no basis to infer that Gouma was damaged by the alleged misrepresentations (see Lama Holding Co. v Smith Barney, 88 *599 NY2d 413, 421 [1996]; Glassman v Zoref, 291 AD2d 430, 431 [2002]; Williams v Upjohn Health Care Servs., 119 AD2d 817, 819 [1986]).
In light of our determination, we need not address Gouma’s remaining contentions. Mastro, J.E, Angiolillo, Leventhal and Chambers, JJ., concur.