Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 28, 2013, which, insofar as appealed from, granted defendant DHL Express (USA), Inc.’s motion for summary judgment dismissing the tenth and eleventh causes of action as against it, unanimously affirmed, without costs.
The tenth cause of action is duplicative of the previously dismissed breach of contract claim (see 84 AD3d 697, 698 [1st Dept 2011], lv dismissed 18 NY3d 921 [2012]). Plaintiffs essentially seek to enforce against DHL the terms of the reseller agreement between DHL and nonparty Worldwide Express Operations, LLC (WWE), which this Court has determined they have no standing to do as third-party beneficiaries (id.). To the extent plaintiffs now argue that their signing of the “Sales Code of Ethics for Re-Sellers” (the Code), which was part of the reseller agreement, imposed on DHL obligations set forth in the reseller agreement, this argument is also unavailing. Plaintiffs have not established that they became parties to the reseller agreement by signing the Code (which DHL did not sign). The Code does not incorporate by reference the terms of the reseller agreement. In fact, the Code does not impose any obligations on DHL or contain any of the material terms that DHL allegedly breached. Thus, there is no evidence of mutual assent to a binding contract between DHL and plaintiffs (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589-590 [1999]).
The eleventh cause of action is based on DHL’s counterclaim for breach of contract, which seeks to recover for unpaid invoices. It alleges that the contract that is formed when DHL picks up or delivers a package on behalf of a plaintiff invokes DHL’s obligations under the reseller agreement. However, the contracts between DHL and plaintiffs on which DHL’s counterclaim is based are distinct from the reseller agreement between DHL and WWE, which, in any event, plaintiffs cannot enforce against DHL.
Concur — Gonzalez, P.J., Mazzarelli, Renwick, Feinman and Gische, JJ.