■ CREMOSA FOOD COMPANY, LLC, Appellant-Respondent, v JOSEPH V. AMELLA, Doing Business as TORCELLO'S RESTAURANT, Respondent-Appellant. [12 NYS3d 293]—In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), entered April 15, 2014, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which sought to recover damages for fraud, and the defendant cross-appeals from so much of the same order as denied those branches of his motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]).

" 'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages' " (*High Tides, LLC v DeMichele*, 88 AD3d 954, 957 [2011], quoting *Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]). CPLR 3016 (b) requires that the circumstances of the fraud must be "stated in detail," including specific dates and items (*see Moore v Liberty Power Corp., LLC*, 72 AD3d 660, 661 [2010]).

Here, the plaintiff failed to allege or provide details of any misstatements or misrepresentations made to it specifically by the defendant, as required by CPLR 3016 (b) (*see Manik v Citimortgage, Inc.*, 102 AD3d 929, 930 [2013]; *Scott v Fields*, 85 AD3d 756, 757 [2011]; *Moore v Liberty Power Corp., LLC*, 72 AD3d at 661).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, which sought to recover damages for fraud.

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611 [2009]), as the brief filed by the defendant does not seek reversal or modification of any portion of the order. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.