■ LEE DODGE, INC., Doing Business as BROOKLYN AUTO GROUP, et al., Respondents, v SOVEREIGN BANK, N.A., and/or Doing Business as SOVEREIGN AUTOMOTIVE FINANCE GROUP, et al., Appellants, et al., Defendants. [51 NYS3d 531]—

Appeal from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated March 19, 2015. The order denied the motion of the defendants Sovereign Bank, N.A., and/or doing business as Sovereign Automotive Finance Group, Santander Holdings USA, Inc., Steven Reilly, and Kevin Webber pursuant to CPLR 3211 (a) and CPLR 3016 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Sovereign Bank, N.A., and/or doing business as Sovereign Automotive Finance Group, Santander Holdings USA, Inc., Steven Reilly, and Kevin Webber to dismiss the complaint insofar as asserted against them is granted.

The plaintiffs, an automobile dealership and its founder, commenced this action against, among others, Sovereign Bank, N.A., and/or doing business as Sovereign Automotive Finance Group (hereinafter the bank), Santander Holdings USA, Inc., the bank's parent company, Kevin Webber, a vice president of the bank, and Steven Reilly, an employee of the bank (hereinafter collectively the bank defendants), alleging, among other things, that Reilly conducted fraudulent audits of the dealership to assist an employee of the dealership in concealing her ongoing misappropriation of funds from the dealership. The complaint set forth nine separate causes of action against the bank defendants, including a cause of action to recover damages for fraud. The bank defendants moved pursuant to CPLR 3211 (a) (5) and (7) and CPLR 3016 (b) to dismiss the complaint insofar as asserted against them as time-barred, for failure to state a cause of action, and for failure to plead fraud with particularity. The Supreme Court denied the motion, and the bank defendants appeal. We reverse.

Although the Supreme Court properly determined that the bank defendants were not entitled to dismissal of the complaint as time-barred (*see Franklin v Hafftka*, 140 AD3d 922, 924 [2016]), the court should have granted dismissal of the complaint as against the bank defendants for failure to plead fraud with particularity as to the fraud cause of action and for failure to state a cause of action as to the remaining causes of action.

The elements of a cause of action to recover damages for fraud are "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). "CPLR 3016 (b) further requires that the circumstances of the fraud must be stated in detail, including specific dates and items" (*Moore v Liberty Power Corp., LLC*, 72 AD3d 660, 661 [2010] [internal quotation marks omitted]; *see Cremosa Food Co., LLC v Amella*, 130 AD3d 559, 559 [2015]). Here, the complaint fails to set forth any dates or details of the bank defendants' alleged misstatements or misrepresentations (*see Orchid Constr. Corp. v Gottbetter*, 89 AD3d 708, 710 [2011]; *Morales v AMS Mtge. Servs., Inc.*, 69 AD3d 691, 692 [2010]). Accordingly, the Supreme Court should have granted that branch of the bank defendants' motion which was to dismiss the cause of action alleging fraud insofar as asserted against them.

On a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "[t]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "The complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true" (*Podesta v Assumable Homes Dev. II Corp.*, 137 AD3d 767, 769 [2016]).

Each of the remaining causes of action in the complaint fails to state a viable cause of action against the bank defendants. The cause of action alleging breach of the implied covenant of good faith and fair dealing does not allege any facts tending to show that the bank defendants sought to prevent performance of a contract or to withhold its benefits from the plaintiffs (*see Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]). The causes of action alleging promissory estoppel and unjust enrichment fail because the complaint also alleges the existence of a contract between the

plaintiffs and the bank defendants (see *Gym Door Repairs, Inc. v Astoria Gen. Contr. Corp.*, 144 AD3d 1093 [2016]; *Goldstein v CIBC World Mkts. Corp.*, 6 AD3d 295, 296 [2004]). With respect to the cause of action to recover damages for negligent misrepresentation, the complaint does not set forth any misrepresentations of the bank defendants on which the plaintiffs reasonably relied to their detriment (see *Simmons v Allstate Indem. Co.*, 112 AD3d 611, 611 [2013]). The cause of action seeking to recover damages for conversion does not specify any identifiable piece of property or specifically identifiable funds that the bank defendants allegedly converted (see *Ehrenkranz v 58 MHR, LLC*, 127 AD3d 918, 919 [2015]; *Petty v Barnes*, 70 AD3d 661, 662 [2010]). The cause of action alleging tortious interference with prospective economic advantage fails to allege any facts to show that the bank defendants knew that the plaintiffs had a business relationship with a third party and intentionally interfered with that relationship (see *Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [2009]).

As all of the substantive causes of action in the complaint are subject to dismissal, the cause of action seeking consequential damages must also be dismissed (see *Lobel v Allstate Ins. Co.*, 269 AD2d 502 [2000]). Likewise, the cause of action alleging civil conspiracy to commit conversion and fraud must be dismissed. "New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (*Barns & Farms Realty, LLC v Novelli*, 82 AD3d 689, 691 [2011]). "[R]ather, such a claim stands or falls with the underlying tort" (*Hebrew Inst. for Deaf & Exceptional Children v Kahana*, 57 AD3d 734, 735 [2008]).

Accordingly, the bank defendants' motion pursuant to CPLR 3211 (a) and CPLR 3016 to dismiss the complaint insofar as asserted against them should have been granted. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.