Matter of Pesola Trust (2018 NY Slip Op 08025)





Matter of Pesola Trust


2018 NY Slip Op 08025


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-00377
2016-07255

[*1]In the Matter of Pesola Trust, etc. Thomas Pesola, appellant; Michael Pesola, et al., respondents. (File No. 2527/15)


Lite & Russell, PLLC, West Islip, NY (Jaren M. Fernan and Justin N. Lite of counsel), for appellant.
Gail M. Blasie, P.C., Garden City, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, which was transferred from the Supreme Court, Suffolk County, to the Surrogate's Court, Suffolk County, and converted to a proceeding, the petitioner appeals from (1) an order of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), dated December 1, 2015, and (2) an order of the same court dated May 23, 2016. The order dated December 1, 2015, insofar as appealed from, granted those branches of the respondents' separate motions which were pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud insofar as asserted against each of them. The order dated May 23, 2016, denied the petitioner's motion for leave to renew his opposition to the respondents' motions.
ORDERED that the order dated December 1, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated May 23, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2009, Pat Pesola (hereinafter the decedent) executed a trust agreement concerning the control of certain real properties, which were to be distributed upon her death to the petitioner, Thomas Pesola, and the respondent Michael Pesola. Approximately one year after the decedent's death, the trust was amended such that the petitioner resigned as trustee and the respondent Bernadette Delardi was appointed as a successor trustee.
The petitioner commenced this action, alleging, among other things, fraud, which was transferred from the Supreme Court, Suffolk County, to the Surrogate's Court, Suffolk County, and converted to a proceeding. The respondents separately moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the petition insofar as asserted against each of them. In an order dated December 1, 2015, the Surrogate's Court, among other things, granted those branches of the respondents' motions which were to dismiss the cause of action alleging fraud insofar as asserted against each of them. The petitioner then moved for leave to renew his opposition to the [*2]respondents' motions based on new facts. In an order dated May 23, 2016, the court denied the petitioner's motion for leave to renew. The petitioner appeals from both orders.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Manik v Citimortgage, Inc., 102 AD3d 929, 929-930). "Where a cause of action or defense is based upon . . . fraud . . . the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]).
Here, the petitioner failed to allege or provide details of any misstatements or misrepresentations made to him by the respondents, as required by CPLR 3016(b) (see Manik v Citimortgage, Inc., 102 AD3d at 929-930). Therefore, according the petitioner the benefit of every possible inference, the petition failed to state a cause of action sounding in fraud against the respondents and, thus, we agree with the determination of the Surrogate's Court to grant those branches of the respondents' motions which were to dismiss that cause of action insofar as asserted against each of them (see id.).
We also agree with the determination of the Surrogate's Court to deny the petitioner's motion for leave to renew his opposition to the respondents' motions. The petitioner failed to offer new facts not offered on the prior motions that would have changed the prior determination and did not set forth a reasonable justification for the failure to present such facts on the prior motions (see CPLR 2221[e][2], [3]).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court