Wilson 3 Corp. v Deutsche Bank Natl. Trust Co. (2019 NY Slip Op 03654)





Wilson 3 Corp. v Deutsche Bank Natl. Trust Co.


2019 NY Slip Op 03654


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-04661
2017-04663
 (Index No. 503180/16)

[*1]Wilson 3 Corp., et al., respondents, 
v
Deutsche Bank National Trust Company, etc., appellant (and a third- party action).


Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl of counsel), for appellant.
Charles R. Cuneo, P.C., Huntington, NY, for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 2, 2017, and (2) a judgment of the same court dated February 24, 2017. The order granted the plaintiffs' motion pursuant to CPLR 3211(a)(7) to dismiss the defendant's amended counterclaims. The judgment, upon an order of the same court dated August 11, 2016, inter alia, granting that branch of the plaintiffs' motion which was for summary judgment on the complaint, and upon the order dated February 2, 2017, cancelled and discharged of record the subject mortgage and, in effect, dismissed the defendant's amended counterclaims.
ORDERED that the appeal from the order dated February 2, 2017, is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof cancelling and discharging of record the subject mortgage; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the complaint is denied, and the order dated August 11, 2016, is modified accordingly.
The appeal from the order dated February 2, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]).
In 2006, H. David Faden (hereinafter the decedent) obtained a loan from Mortgage Lenders Network USA, Inc. (hereinafter Mortgage Lenders), which was secured by a mortgage on real property in Brooklyn. In June 2008, Deutsche Bank National Trust Company (hereinafter Deutsche Bank), as Mortgage Lenders' assignee, commenced an action to foreclose the mortgage, in which it sought payment of the full balance due. In an order dated August 5, 2014, the Supreme Court conditionally dismissed the action pursuant to CPLR 3216 unless the plaintiff filed a note of [*2]issue or otherwise proceeded by motion for entry of judgment within 90 days. The plaintiff did not file a note of issue or otherwise proceed by motion for entry of judgment within 90 days, and in an order dated June 18, 2015, the court determined that "as per the order dated August 5, 2014 the instant action is dismissed for failure to prosecute."
In March 2016, the plaintiffs, Wilson 3 Corp. (hereinafter Wilson) and BMC 24 Real Estate Corp. (hereinafter BMC), commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage held by Deutsche Bank. In the complaint, the plaintiffs alleged that Wilson had purchased a 50% ownership interest in the mortgaged property from Robin Faden, "one of the two (2) heirs at law of" the decedent, and that BMC had purchased the other 50% ownership interest from Stuart A. Faden, "the other remaining heir at law of" the decedent. In its answer, Deutsche Bank, inter alia, denied these allegations and asserted counterclaims sounding in fraud, constructive fraud, and conspiracy to commit fraud. In an order dated August 11, 2016, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for summary judgment on the complaint. In October 2016, Deustche Bank filed an amended answer asserting amended counterclaims sounding in fraud, constructive fraud, conspiracy to commit fraud, and aiding and abetting fraud. In an order dated February 2, 2017, the court granted the plaintiffs' motion pursuant to CPLR 3211(a)(7) to dismiss the amended counterclaims. Deustche Bank appeals from a judgment dated February 24, 2017, which cancelled and discharged of record the subject mortgage and, in effect, dismissed the amended counterclaims.
"RPAPL 1501(4) provides that [w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired,' any person with an estate or interest in the property may maintain an action to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom'" (21st Mtge. Corp. v Nweke, 165 AD3d 616, 618).
Here, on their motion for summary judgment, the plaintiffs failed to demonstrate that they have an estate or interest in the subject property so as to have standing to maintain an action pursuant to RPAPL 1501(4). Although title to real property automatically vests in the heirs of a decedent who dies intestate (see Matter of Roberts, 214 NY 369, 377; Matter of Blango, 166 AD3d 767, 768; Kraker v Roll, 100 AD2d 424, 429), the plaintiffs presented no evidence that the decedent died intestate or that the people who deeded their alleged interests in the property to the plaintiffs were, in fact, the heirs of the decedent, a fact which was denied by Deutsche Bank in its answer. Under the circumstances, the plaintiffs failed to make a prima facie showing of their entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiffs' failure to make a prima facie showing required the denial of that branch of their motion which was for summary judgment on the complaint, regardless of the sufficiency of Deustche Bank's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), a court must accept as true the facts as alleged in the pleading, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Wand, Powers & Goody, LLP v Yuliano, 144 AD3d 1017, 1018; see McKesson Med.-Surgical Minn. Supply, Inc. v Caremed Supplies, Inc., 164 AD3d 1441, 1442). "Where a cause of action or defense is based upon . . . fraud . . . , the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]).
We agree with the Supreme Court's determination to grant the plaintiffs' motion to dismiss the amended counterclaims, as Deustche Bank failed to allege or provide details of any misstatements or misrepresentations made to it, as required by CPLR 3016(b) (see 313 43rd St. Realty, LLC v TMS Enters., LP, 163 AD3d 512, 515-516; Manik v Citimortgage, Inc., 102 AD3d 929, 929-930). Therefore, the amended counterclaims failed to state a cause of action sounding in fraud, constructive fraud, conspiracy to commit fraud, or aiding and abetting fraud.
Deutsche Bank's remaining contentions are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court