Breslin Realty Dev. Corp. v Smith & DeGroat, Inc. (2019 NY Slip Op 06465)





Breslin Realty Dev. Corp. v Smith & DeGroat, Inc.


2019 NY Slip Op 06465


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-05414
 (Index No. 6240/15)

[*1]Breslin Realty Development Corp., appellant,
v
Smith & DeGroat, Inc., et al., respondents.


Rosenberg Calica & Birney LLP, Garden City, NY (Robert M. Calica, Edward M. Ross, and Robert J. Howard of counsel), for appellant.
Quatela Chimeri, PLLC, Hauppauge, NY (Joseph A. Quatela and Scott J. Kreppein of counsel), for respondents Smith & DeGroat, Inc., and Smith & Drake Realty Corp., doing business as Smith & DeGroat Real Estate and as S & D Real Estate.
Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Stephen W. Livingston of counsel), for respondents Martin I. Schackner and Karen Schackner.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Daniel Palmieri, J.), entered February 11, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants Smith & DeGroat, Inc., and Smith & Drake Realty Corp., doing business as Smith & DeGroat Real Estate and as S & D Real Estate, and the separate motion of the defendants Martin I. Schackner and Karen Schackner, which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The defendant Martin I. Schackner is a judgment debtor of the plaintiff. In September 2014, the plaintiff commenced a turnover proceeding against, among others, the defendants Smith & DeGroat, Inc., and Smith & Drake Realty Corp., doing business as Smith & DeGroat Real Estate and as S & D Real Estate (hereinafter together the S & D defendants), which employed Martin I. Schackner, seeking, inter alia, to compel the S & D defendants to turn over all monies due and owing, or to become due and owing, to Martin I. Schackner individually or to either of two corporations solely owned by Martin I. Schackner. In November 2014, the plaintiff commenced a second turnover proceeding against nonparty Morgan Stanley, among others, to compel Morgan Stanley to turn over the funds in two retirement accounts in Martin I. Schackner's name. In December 2014, the plaintiff commenced a third turnover proceeding against, among others, Morgan Stanley and the defendant Karen Schackner, Martin I. Schackner's wife, to compel Morgan Stanley to turn over the funds in certain accounts in Karen Schackner's name. In June 2015, the plaintiff commenced the instant plenary action, inter alia, to recover damages for fraud, against Martin I. Schackner, Karen Schackner, and the S & D defendants. Martin I. Schackner and Karen Schackner (hereinafter together the Schackner defendants) moved, and the S & D defendants separately moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an [*2]order entered February 11, 2016, the Supreme Court, inter alia, granted those branches of the respective motions. The plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of the S & D defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. While the plaintiff alleges that the S & D defendants fraudulently transferred certain funds to the two corporations solely owned by Martin I. Schackner, the Debtor and Creditor Law does not, "either explicitly or implicitly, create a creditor's remedy for money damages against parties who . . . were neither transferees of the assets nor beneficiaries of the conveyance" (Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842; see Bashian & Farber, LLP v Syms, 167 AD3d 561, 564-565; Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 908). Here, the plaintiff failed to allege that the S & D defendants benefitted from the alleged fraudulent transfers (cf. Broadway Warehouse Co. v Buffalo Barn Bd., LLC, 143 AD3d 1238).
We also agree with the Supreme Court's determination granting that branch of the Schackner defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The complaint insofar as asserted against the Schackner defendants failed to meet the pleading requirements of CPLR 3016(b) (see Weinstein v CohnReznick, LLP, 144 AD3d 1140, 1141; Cremosa Food Co., LLC v Amella, 130 AD3d 559, 560; High Tides, LLC v DeMichele, 88 AD3d 954, 959; Moore v Liberty Power Corp., LLC, 72 AD3d 660, 661).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court